EUGENE LUCAS v. THE STATE.

No. 1182.  Decided May 10, 1911.

**1.—Incest—Evidence—Bills of Exception.**

Where no objection was urged to the testimony during the trial and exceptions reserved thereto, the same could not be considered on appeal.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of incest, the evidence supported the conviction there was no error.

Appeal from the District Court of Cherokee.  Tried below before the Hon. Jas. I. Perkins.

Appeal from a conviction of incest; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

*Eugene Lucas,* for himself.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of incest, his punishment being assessed at eight years confinement in the penitentiary.

Several bills of exception appear in the record, but as qualified by the judge they do not present matters that can be considered.  Had the bills of exception been taken during the trial it would have necessi-

tated a reversal of the judgment, but the court qualifies these bills by stating no objection was urged to the testimony during the trial. The evidence set out in the bills as having been introduced was with reference to the acts of intercouse between the parties, uncle and niece, promiscuously in other counties than in the county of the alleged venue; but inasmuch as the court qualifies the bills by stating no exception was taken to this testimony during the trial, we do not feel justified in considering the bills. These are matters that may be waived by the accused. There seems not to have been made even a motion to exclude the testimony after its introduction.

Appellant also contends that the evidence does not justify the conviction. To this proposition we can not accede. The girl makes out a case beyond any question. The witness Foreman testifies he saw them in the act of intercourse, and there was quite a lot of circumstances and evidence introduced by the defendant himself through his witnesses to the effect they were together, that they left the State together and lived together in Louisiana, and that their course of conduct was such before leaving Cherokee County to show, or justify the jury in believing, that they were having intercourse, and in our judgment sufficiently tends to connect, support and corroborate the accomplice independent of the direct evidence of Foreman.

The judgment is affirmed.

*Affirmed.*